McKinney, J.,
delivered the opinion of the Court.
This was an action on the case, grounded on an alleged breach of warranty of the soundness of certain slaves. The evidence of the warranty, relied on by the plaintiff, is contained in the following instrument:
“Received of M. B. Duncan, fourteen hundred dollars for negro woman Arzilla and two children, sold under decree of Court by William Kearley, commissioner and administrator of Arch’d, and Margaret Rutherford, deceased; said negroes sound in body and mind, and slaves for life. This 10th of January, 1857.
“ WILLIAM KEARLEY, Commissioner.”
Judgment was rendered in favor of the plaintiff for $1,580, to reverse which an appeal in error has been prosecuted to this Court.
*399 No question is made upon the facts. The unsoundness of the slaves at the time of the sale, of a nature and degree to render them of no value, and the defendant’s knowledge of such unsoundness, are sufficiently established.
The errors relied upon are supposed to be in the opinions and instructions of the Court.
1. The Court, in substance, instructed the jury, that the words “ said negroes sound in body and mind,” contained in the foregoing instrument, amounted to a warranty of soundness of the slaves; and that said warranty was personally binding on the defendant.
Both of these instructions, we think, are strictly correct. It was unquestionably the province of the Court to interpret the language of the instrument, and also to declare its legal effect. And, in doing so, it was proper for the Court, upon the facts of this case, to look to the face of the instrument alone. That the words of the instrument contain a clear and explicit warranty, is a proposition too plain to admit of discussion ; and it is no less clear, upon a familiar, well-established principle, that the defendant is personally liable upon the warranty. Having voluntarily, in the absence .of fraud, mistake, or other cause sufficient to avoid his undertaking, stipulated personally for the soundness of the slaves, though not in any wise bound to do so, he cannot escape from the legal liability thereby incurred; neither can he be heard to aver or prove an intention contrary to the plain import of the writing.
2. The Court held, that parol evidence of statements and declarations made by the defendant, or the crier, during the progress of the sale, or before the *400 written instrument was executed, to tbe effect that the defendant was acting under the appointment of the Court; that he would incur no personal responsibility in respect to the soundness of the slaves or otherwise; that purchasers must judge for themselves, and buy at their peril; and that, shortly before the execution of said instrument, he had refused, when applied to, to make any warranty of soundness of the slaves, was inadmissible for the purpose of contradicting the terms of said instrument, and all such evidence was rejected.
In this there was no error, as was declared in the recent cases of Bryan v. Hunt and Ellis v. Hamilton, 4 Sneed, 544, 512. The conduct of the defendant is certainly rather inexplicable, from all the proof in the record.
Notwithstanding the foregoing declarations offered to be proved, it is shown in the proof, that during the progress of the sale, the defendant proposed to warrant the soundness of the slaves if the plaintiff would become the purchaser. But we attach no importance to this fact in the determination of the question. Our decision rests upon the ground, that immediately after the sale was over, and on the reception of the purchase money, the defendant voluntarily and deliberately prepared with his own hand, and delivered to the plaintiff, the foregoing instrument; and that there is not the slightest ground in the proof for any imputation of fraud, mistake, or unfairness in the entire transaction. Such being the state of the case, according to all the authorities the written instrument must be taken to contain conclusive evidence of the final and deliberate intention and agreement of the parties.
*401 8. It is said the agreement to warrant the soundness of the slaves was voluntary and unsupported by any consideration, and, therefore, not binding on the defendant. This is a mistaken assumption. The purchase by the plaintiff, and payment of the consideration money, was a sufficient consideration to support the agreement.
Without noticing other minor objections, we affirm the judgment.